UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SUSAN LEHTONEN | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| JAT CONSULTING | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, SUSAN LEHTONEN, by and through her attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for her Complaint against the Defendant, JAT CONSULTING, Plaintiff states as follows:

## *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Susan Lehtonen, an individual consumer, against Defendant, JAT Consulting and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in New Hampshire, personal jurisdiction is established.

1

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving right to the claim occurred in this District.

### *III. PARTIES*

6. Plaintiff, Susan Lehtonen (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in New Ipswich, Hillsborough County, State of New Hampshire 03071.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief the Defendant, JAT Consulting, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 20422 Beach Blvd., Suite 240, Huntington Beach, Orange County, State of California 92648.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

13. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. *FACTUAL ALLEGATIONS*

14. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

17. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated at a time or place known or which should be known to be inconvenient to the Plaintiff.

18. On or about February 5, 2019, the Defendant called Plaintiff 4 times.

19. Plaintiff answered the second call from Defendant.

20. After Plaintiff terminated the second phone call on February 5, 2019, Defendant proceeded to call her 2 more times that day.

21. Defendant called Plaintiff a deadbeat.

22. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

23. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

24. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

25. The representations made to Plaintiff by Defendant regarding garnishment were false.

26. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

27. Defendant has no standing to commence legal proceedings on behalf of the creditor.

28. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

29. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

30. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

31. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff and make threats that Defendant take.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.

33. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

34. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to

abuse the hear or reader in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from each Defendant herein.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

## VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Susan Lehtonen, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: February 18, 2019        s/Kevin J. Buckley, Jr., Esq.
                                Attorney for Plaintiff
                                NH Bar: 266838
                                Consumer Rights Law Firm, PLLC
                                Telephone: (978) 212-3300
                                Facsimile: (888) 712-4458
                                AttorneyKevinB@consumerlawfirmcenter.com
                                **Attorney for Plaintiff**